**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KARENTH FONSECA SABALLOS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2103-KC** |
| | § | |
| **MARKWAYNE MULLIN, et al.** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Karenth Fonseca Saballos' Petition for a Writ of Habeas Corpus, ECF No. 1. On August 21, 2026, the Court ordered Respondents by no later than August 28, 2026, to either (1) provide Fonseca Saballos with a bond hearing before an immigration judge ("IJ"), or (2) release her from custody under reasonable conditions of supervision. Aug. 21, 2026, Order 2, ECF No. 4.

Respondents now inform the Court that, on August 25, 2026, an IJ ordered Fonseca Saballos released from custody under bond. Status Report, ECF No. 5; *see id*. Ex. A ("IJ Order"), ECF No. 5-1. However, Respondents also state that "[t]he Department of Homeland Security reserved appeal. . . . Petitioner remains in custody. *See* 8 C.F.R. § 1003.19(i)." *Id.* at 1. It is not clear from the Response whether Respondents intend to permit Fonseca Saballos to post bond but are just informing the Court that he has not yet done so. Instead, the reference to 8 C.F.R. § 1003.19(i) suggests that Respondents may be invoking the automatic stay regulation to deny Petitioner the ability to post bond despite the IJ Order. *See generally id.*

Accordingly, the Court **ORDERS** that Respondents shall **FILE** a supplemental response, **by no later than September 8, 2026**, clarifying whether they are permitting Fonseca Saballos to post bond, or instead, detaining him pending appeal pursuant to the automatic stay regulation.

**SO ORDERED**.

**SIGNED this 1st day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE